IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2008

Charles R. Fulbruge III
Clerk

No. 08-30420
Summary Calendar

MAPP CONSTRUCTION, LLC

Plaintiff-Appellant

v.

M&R DRYWALL, INC.

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 07-907

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant MAPP Construction, LLC ("MAPP") appeals the district court's dismissal of this case for lack of jurisdiction. For the following reasons, we AFFIRM.

I.

On August 21, 2003, MAPP contracted with Southgate Residential Towers, LLC ("Southgate") to construct a large-scale apartment and condominium

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complex in Baton Rouge called Southgate Towers. The contract between Southgate and MAPP states that any dispute between the parties arising out of the construction of the towers will be subject to arbitration.

MAPP subcontracted with Appellee M&R Drywall, Inc. ("M&R") to perform stucco and sheet-rock work on the Southgate Towers project. The subcontract contained a clause that MAPP contends binds M&R to arbitrate any disputes arising out of the subcontract. Appellee M&R filed suit against Appellant MAPP in Louisiana state court, alleging breach of contract. That case was consolidated with a lawsuit by Southgate against MAPP. MAPP filed a "Motion to Stay, and Order Directing the Parties to Arbitrate" in the consolidated state court litigation and invoked the Louisiana Arbitration Act. The trial court denied MAPP's motion and concluded that the contractual provisions regarding arbitration did not bind M&R to submit disputes with MAPP to arbitration.

Appellant MAPP sought review of the trial court's decision by the Louisiana First Circuit Court of Appeal. That court denied the writ, finding no error in the trial court's conclusion that the contractual provisions regarding arbitration are ambiguous. The Louisiana Supreme Court denied MAPP's application for a supervisory writ. After the denial of its appeals, MAPP brought suit in federal district court, again asserting that M&R was bound to arbitrate. MAPP contended that M&R was bound under the provisions of the contract as interpreted under the Federal Arbitration Act ("FAA"). The district court dismissed the case for lack of jurisdiction, invoking the Rooker-Feldman doctrine, which prevents the federal district court from reviewing the final judgment of a state court. This appeal followed.

II.

The district court rightfully dismissed the case for lack of jurisdiction. Rooker-Feldman precludes a federal district court from proceeding in "cases

brought by state-court losers complaining of injuries caused by state-court judgments rendered before district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283 (2005); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine "provides that 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'" Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000) (quoting Feldman, 460 U.S. at 482). Rooker-Feldman bars direct review in the lower federal courts of a decision reached by the highest state court, because such authority is vested only in the Supreme Court. Id. at 199. Rooker-Feldman is a bar not only to claims actually litigated in state court, but also to claims that are "inextricably intertwined" with those that were litigated. Feldman, 460 U.S. at 486–87. Thus, review is precluded by Rooker-Feldman whenever "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." Brown & Root, 211 F.3d at 202 (internal citation omitted).

The Louisiana state court issued a final ruling on the issue of whether M&R is bound to arbitrate by the subcontract. Appellant argues that Rooker-Feldman does not bar the instant action because consideration of its federal petition would not require the federal district court to engage in direct review of the state court order. Appellant claims to assert an independent federal claim based on the FAA because the state court decision was based on its construction of the subcontract in conjunction with the Louisiana Arbitration Act and did not address the effect of the FAA on the contract. We disagree.

MAPP's claims under the FAA are undoubtedly inextricably intertwined with his state court claims attempting to compel arbitration. See Brown & Root, 211 F.3d at 201 ("[W]hen a party sues in federal district court to readjudicate the

same issues decided in the state court proceedings, that action is in essence an attempt to obtain direct review of the state court decision in the lower federal courts in contravention of Rooker-Feldman." (citing ASARCO Inc. v. Kadish, 490 U.S. 605, 622–23 (1989))). Because Appellant asked the district court to address the exact issue that was decided by the Louisiana state court—whether the subcontract binds M&R to arbitrate—Rooker-Feldman prohibited the district court from exercising jurisdiction. MAPP's newly asserted argument under the FAA does not salvage his claim. Though Appellant contends that he has a right for his claims under the FAA to be heard, he had a chance to assert any argument under the FAA in state court. The fact that he did not assert such claims does not prevent Rooker-Feldman from barring the instant litigation. "All that matters is that [MAPP] undeniably enjoyed a reasonable opportunity to raise its FAA claim in state court." Brown & Root, 211 F.3d at 202. "Rooker-Feldman requires no more." Id. MAPP had ample opportunity to bring a claim under the FAA in state court, but failed to do so.

Appellant's contention that the federal district court has exclusive jurisdiction to hear his FAA claim is also misplaced. It is well-established that state courts "'have it within both their power and their proper role to render binding judgments on issues of federal law, subject only to review by [the United States Supreme] Court.'" Brown & Root, 211 F.3d at 202 (alteration in original) (quoting ASARCO, 490 U.S. at 622). The Louisiana state court could have properly adjudicated the FAA issue—had it been brought—and Appellant points to no contrary law establishing exclusive federal jurisdiction over the FAA claim.

At bottom, Appellant petitioned the district court to do exactly what Rooker-Feldman aims to prevent, entertain appellate review of a state judgment in a United States district court. Accordingly, we find that the district court properly determined that it lacked jurisdiction over Appellant's claim. AFFIRMED.